**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| **Estella Shelton,** | ) | **CASE NO. 1: 18 CV 2491** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| v. | ) | |
| | ) | <u>**Memorandum of Opinion and Order**</u> |
| **Calvin Hall,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

*Pro se* Plaintiff Estella Shelton has filed a civil complaint in this action against Calvin Hall. (Doc. No.1.) Her complaint does not allege specific legal claims, or seek specific relief. She asserts that the "reason for [her] appeal" is that she signed a month-to-month lease with the defendant in August, but he did not serve her with "the proper 30 day notice" provided for in the lease. Instead, he only "brought over a 3 day notice" she never received. (*Id.*) She asserts that, in her opinion, the "magistrate" did not properly look at the lease or her evidence. (*Id.*)

Federal courts are courts of limited jurisdiction. They "have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*." *Answers in Genesis, Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Upon review, the Court finds the plaintiff's complaint must be dismissed for lack of

subject-matter jurisdiction.

A federal court's jurisdiction is limited to those cases that present either a federal question (federal question jurisdiction), or a dispute between parties of different states (diversity jurisdiction). *See* 28 U.S.C. §§ 1331, 1332. Federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's well-pleaded complaint. *Mich. South. R.R. Co. v. Branch &. St. Joseph Counties Rail Users Ass'n, Inc*., 287 F.3d 568, 573 (6th Cir. 2002). Diversity jurisdiction exists when the plaintiff presents a claim between citizens of different states, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332.

The plaintiff's complaint presents neither a cognizable federal question, nor a claim over which this Court may exercise diversity jurisdiction. The face of her complaint does not suggest she is asserting a claim arising under federal law, and there is no basis for diversity jurisdiction, as the plaintiff indicates the parties are all citizens of the same state (Ohio) and has not established that the amount in controversy exceeds $75,000. Further, to the extent the plaintiff may be seeking to challenge a judgment of a magistrate in a state case, federal district courts lack the power to review decisions rendered by state courts. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp*., 544 U.S. 280, 283 (2005).

## Conclusion

Accordingly, there being no claim asserted in the complaint over which this Court may exercise subject-matter jurisdiction, this action is hereby dismissed pursuant to Fed. R. Civ. P. 12(h)(3). The Court further certifies that an appeal from this decision could not be taken in good faith. 28 U.S.C. 1915(a)(3).

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge
Chief Judge

Dated: 11/7/18